THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **DISPLAY TECHNOLOGIES, LLC,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**DEXCOM, INC.,**<br><br>    **Defendants.** | **CASE NO.** 2:23-cv-589<br><br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT

Plaintiff Display Technologies, LLC ("Plaintiff") files this complaint against Dexcom, Inc., of infringement of U.S. Patent No. 8,671,195[1] and alleges as follows:

### PARTIES

1. Plaintiff is a Texas limited liability company with an office at 1 East Broward Boulevard, Suite 700, Ft. Lauderdale, FL 33301.

2. Defendant Dexcom, Inc. is a Delaware corporation having its principal place of business at 6340 Sequence Drive, San Diego, CA 92121, hereinafter "Defendant."

### JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, 35 U.S.C. § 271, et seq. Plaintiff is seeking damages for patent infringement.

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents).

---

1. The '195 Patent does not expire until the year 2032, accordingly to Google Patents database. Along with the '195 Patent, Display Technologies, LLC is the sole owner and assignee of U.S. Patent No. 9,300,723 that contains fifty (50) patent claims.

5. Venue is proper in this State and convenient as Dexcom has asserted its own patent rights recently in this State against one of its continuous glucose monitoring system competitors, named Abbott Laboratories. *See Dexcom, Inc. v. Abbott Diabetes Care, Inc.,* Case No. 6:21-CV-690 (W.D. Tex. 2021).

6. This Court has personal jurisdiction over Defendant. Defendant has continuous and systematic business contacts with the State of Texas. Defendant transacts business within this District and has employees that live and work in this District.

## PATENTS-IN-SUIT

7. Plaintiff is the sole and exclusive owner, by assignment, of U.S. Patent No. **8,671,195 (Exhibit 1)**.

8. The Patent-in-Suit is valid, enforceable, and were duly issued in full compliance with Title 35 of the United States Code.

9. Plaintiff possesses all rights of recovery under the asserted Patent, including the exclusive right to recover for past, present and future infringement.

10. The inventor of the asserted patent, Mr. Leigh M. Rothschild, was Chairman and Chief Executive Officer of IntraCorp Entertainment, Inc., a consumer software company with worldwide product distribution. From October 1998 through February 2004, Mr. Rothschild was also Chairman and founder of BarPoint.com, a NASDAQ publicly traded wireless company.

11. Mr. Rothschild chairs the Rothschild Family Foundation, which endows outstanding charities and institutions around the world.

12. The '195 Patent contains twenty-three (23) patent claims.

13. February 6, 2032, is the estimated expiration date according to Google Patents. *See* https://patents.google.com/patent/US8671195B2/en?oq=8%2c671%2c195+, *as last visited on December 9, 2023.*

## ACCUSED INSTRUMENTALITIES

14. Upon information and belief, Defendant sells, offers for sale, uses, or otherwise provides its Dexcom G5, G6 and G7 Continuous Glucose Monitoring (CGM) System (the

"Accused Instrumentalities"), which infringe at least Claim 1 of the '195 Patent, as shown in exemplary accompanying infringement charts at **Exhibit 2** and **Exhibit 3**.

## COUNT ONE

### Infringement of United States Patent No. 8,671,195

15. Plaintiff refers to and incorporates the allegations in Paragraphs above, the same as if set forth herein.

16. This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq*.

17. Defendant has knowledge of its infringement of the '195 Patent (**Exhibit 1**), at least as of the service of the present complaint.

18. Accordingly, Defendant has infringed and continues to infringe, the '195 Patent in violation of 35 U.S.C. § 271.  Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 1, of the '195 Patent by making, using, importing, selling, and/or offering for sale (as identified in the Claim Chart attached hereto as **Exhibits 2 and 3**) the Accused Instrumentalities.

19. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, one or more claims, including at least Claim 1, of the '195 Patent, by having its employees internally test and use the Accused Instrumentalities.

20. The service of this Complaint, in conjunction with the attached Claim Chart (**Exhibit 2 and 3**) and references cited, constitutes actual knowledge of infringement as alleged here.

21. **Exhibits 2 and 3** include at least one chart each comparing the exemplary claim 1 of the '195 Patent to exemplary Accused Instrumentalities. As set forth in this chart, the Accused Instrumentalities practice the technology claimed by the '195 Patent. Accordingly, the Accused Instrumentalities incorporated in this chart satisfy all elements of exemplary claim 1 of the '195 Patent.

22. Plaintiff therefore incorporates by reference in its allegations herein the claim chart of **Exhibits 2 and 3**.

23. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

24. Defendant's actions complained of herein will continue unless Defendant is enjoined by this Court.

25. The '195 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

26. By engaging in the conduct described herein, Defendant has injured Plaintiff and is liable for infringement of the '195 Patent, pursuant to 35 U.S.C. § 271.

27. Defendant has committed these acts of literal infringement, or infringement under the doctrine of equivalents of the '195 Patent, without license or authorization.

28. As a result of Defendant's infringement of the '752 Patent, injured Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

29. Plaintiff is in compliance with 35 U.S.C. § 287.

30. As such, Plaintiff is entitled to compensation for any continuing and/or future infringement of the '195 Patent up until the date that Defendant ceases its infringing activities or until expiration projected by Google Patents to be no earlier than February 6, 2032.

31. Defendant's infringement is willful as it had knowledge of the patents through its Freedom to Operate analysis performed on information and belief.

## DEMAND FOR JURY TRIAL

32. Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks the Court to:

(a)  Enter judgment for Plaintiff on this Complaint on all cases of action asserted herein;

(b)  Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receives notice of the order from further infringement of asserted patent claims; or, in the alternative, awarding Plaintiff running royalty from the time judgment going forward);

(c)  Award Plaintiff damages resulting from Defendants infringement in accordance with 35 U.S.C. § 284;

(d)   Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity; including treble damages for willful infringement, if alleged.

Dated:  December 12, 2023

Respectfully Submitted,

*/s/ Randall Garteiser*
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com
Randall Garteiser
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
M. Scott Fuller
  Texas Bar No. 24036607
  rgarteiser@ghiplaw.com

**GARTEISER HONEA, PLLC**
119 W. Ferguson Street
Tyler, Texas 75702
Telephone: (903) 705-7420
Facsimile: (903) 405-3999

**COUNSEL FOR PLAINTIFF**