# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **DISPLAY TECHNOLOGIES, LLC,** | |
| **Plaintiff,** | **C.A. No. 2:23-cv-00589-JRG-RSP** |
| v. | **JURY TRIAL DEMANDED** |
| **DEXCOM, INC.,** | |
| **Defendant.** | |

## DEXCOM, INC.'S MOTION TO DISMISS PURSUANT TO RULE 12(B)(3)

**TABLE OF CONTENTS**

I.    STATEMENT OF ISSUES ................................................................................................1

II.   FACTS ..............................................................................................................................2

III.  LEGAL STANDARD AND APPLICABLE LAW ...........................................................2

IV.   ARGUMENT .....................................................................................................................3

    A.  Dexcom Does Not "Reside" in the Eastern District of Texas.........................................3

    B.  Dexcom Has No "Regular and Established Place of Business" in the Western District of Texas..................................................................................................................................4

    C.  No Alleged Acts of Infringement Could Have Occurred in the Eastern District.............4

    D.  Dexcom's Prior Lawsuit in this District Is Irrelevant......................................................5

V.    CONCLUSION..................................................................................................................6

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re Cray Inc.*,
  871 F.3d 1355 (Fed. Cir. 2017)..................................................................................................2, 4

*Dekalb Genetics Corp. v. Syngenta Seeds, Inc.*,
  No. 4:06CV01191 ERW, 2006 U.S. Dist. LEXIS 93949 (E.D. Mo. Dec. 29, 2006) ...............5

*Intell. Ventures I LLC v. Motorola Mobility LLC*,
  870 F.3d 1320 (Fed. Cir. 2017).................................................................................................3

*Pers. Audio, LLC v. Google, Inc.*,
  280 F. Supp. 3d 922 (E.D. Tex. 2017) ..................................................................................1, 5

*TC Heartland LLC v. Kraft Foods Group Brands LLC*
  137 S. Ct. 1514 (2017) ..................................................................................................... 1, 2, 3

*Xiaohua Huang v. Trifecta Networks LLC*,
  No. 21-cv-04721-TSH, 2021 U.S. Dist. LEXIS 141084 (N.D. Cal. July 28, 2021).................5

*In re ZTE (USA) Inc.*,
  890 F.3d 1008 (Fed. Cir. 2018).................................................................................................3

**Statutes**

28 U.S.C. § 1400(b) ............................................................................................................... 2, 3, 4, 5

28 U.S.C. § 1406(a) ................................................................................................................... 1, 3

**Other Authorities**

FED. R. CIV. P. 12(b)(3)...................................................................................................................3

Plaintiff's Complaint fails to establish that venue is proper in this District. Under *TC Heartland LLC v. Kraft Foods Group Brands LLC*, venue in a patent case is only proper in a district where: (1) the defendant resides, or (2) the defendant has a regular and established place of business and has committed acts of infringement. 137 S. Ct. 1514 (2017). Yet Plaintiff's Complaint does not allege that any of these conditions are met. Instead, Plaintiff alleges that "Venue is proper in this State and convenient as Dexcom has asserted its own patent rights recently in this State against one of its continuous glucose monitoring system competitors, named Abbott Laboratories." (Cmplt. at ¶ 5). But merely filing a lawsuit in Texas does not subject a defendant to venue in every district in the state, nor does Plaintiff identify any law supporting such a sweeping conclusion. Indeed, "the date the suit was filed, is the relevant date for the venue analysis," and "[e]vents occurring prior to the filing of suit are irrelevant except to the extent they could logically help prove a continuous presence" in a district. *Pers. Audio, LLC v. Google, Inc.*, 280 F. Supp. 3d 922, 931 (E.D. Tex. 2017).

Dexcom thus respectfully requests dismissal of Plaintiff's Complaint for improper venue. In the alternative, Dexcom respectfully requests that the Court transfer this action to the Southern District of California, where Dexcom maintains its headquarters. *See* 28 U.S.C. § 1406(a).

**I.      STATEMENT OF ISSUES**

    1)     Whether this case should be dismissed for improper venue because Dexcom does not reside in this District, have a regular and established place of business in this District, or commit the alleged acts of infringement in this District.

    2)     Whether the Court should dismiss this case or transfer it to the Southern District of California, where venue is proper.

1

## II.  FACTS

Dexcom is a Delaware Company and has its principal place of business at 6340 Sequence Drive, San Diego, California 92121. (Declaration of Dolores Sexton ("Sexton Decl.") at ¶ 5). Dexcom does not have any physical place of business in this District. (*Id.* at ¶ 6).

On December 12, 2023 Plaintiff filed its Complaint alleging infringement of U.S. Patent No. 8,671,195 (the "'195 Patent"). (Compl. at ¶ 18). Plaintiff alleges that Dexcom's G5, G6, and G7 Continuous Glucose Monitoring (CGM) Systems (the "Accused Products") directly infringe one or more of the claims of the '195 Patent. (*Id.* at ¶ 14). Plaintiff acknowledges that Dexcom is a Delaware corporation with a principal place of business at 6340 Sequence Drive, San Diego, California 92121. (*Id.* at ¶ 2). Nevertheless, Plaintiff's Complaint asserts that venue is proper in this District merely because Dexcom filed an unrelated lawsuit in a different district in Texas. (*Id.* at ¶ 5). Plaintiff does not provide any other justification for asserting venue is proper in this District.

## III.  LEGAL STANDARD AND APPLICABLE LAW

In a patent case, venue is proper "[1] in the judicial district where the defendant resides, or [2] where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b); *TC Heartland*, 137 S. Ct. at 1514.

When applied to domestic corporations, the first prong of section §1400(b)—where the defendant resides—"refers **only** to the State of incorporation." *Id.* at 1521 (emphasis added).

To qualify as "a regular and established place of business" under the second prong of Section 1400(b), "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). All three factors must be met. *Id*.

Finally, even if a defendant has a regular and established place of business in the district, it must still have committed acts of infringement in the district. *TC Heartland*, 137 S. Ct. at 1514. For a system claim, like the one at issue here, an infringing use of a claimed system occurs at "the place at which the system as a whole is put into service, *i.e.*, the place where control of the system is exercised and beneficial use of the system obtained." *Intell. Ventures I LLC v. Motorola Mobility LLC*, 870 F.3d 1320, 1328 (Fed. Cir. 2017).

Once a defendant raises a Rule 12(b)(3) motion to dismiss for improper venue, the burden of proving whether venue is appropriate shifts to plaintiff. *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018). If venue is improper under Section 1400(b), the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

## IV.   ARGUMENT

Venue is improper in this District under either prong of § 1400(b). Dexcom does not "reside" in this District under the first prong of § 1400(b) because Dexcom is a Delaware Corporation. The second prong fares no better, as Dexcom does not have ***any*** place of business in this District and because Dexcom did not perform the alleged acts of infringement in this District. Dexcom therefore respectfully requests that the Court dismiss this case.

### A.   Dexcom Does Not "Reside" in the Eastern District of Texas

Dexcom does not reside in this District for the purposes of the first prong of § 1400(b). Indeed, Plaintiff admits that Dexcom is incorporated in Delaware. (Cmplt. at ¶ 2). As such, Dexcom only resides in Delaware. *See TC Heartland*, 137 S. Ct. at 1521 ("the word 'reside[nce]' in §1400(b) has a particular meaning as applied to domestic corporations: It refers only to the State of incorporation.").

3

### B. Dexcom Has No "Regular and Established Place of Business" in the Western District of Texas

Dexcom has no "regular and established place of business" in this District for the purposes of the second prong of § 1400(b). The Federal Circuit has held that for a defendant to have "a 'regular and established place of business' in a certain district within the meaning of 1400(b)," three conditions must be true: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). Importantly, "[i]f any statutory requirement is not satisfied, venue is improper under § 1400(b)." *Id*. Dexcom does not have any physical place in this District, let alone a regular and established place of business. (Sexton Decl. at ¶ 6).

Plaintiff does not allege that Dexcom has a regular and established place of business in this District. Instead, Plaintiff alleges that "Defendant transacts business within this District and has employees that live and work in this District." (Compl. at ¶ 6). But these facts are insufficient to establish venue under the test outlined above, which requires a physical place of the defendant—not just employees who live and work in a district. *In re Cray*, 871 F.3d at 1365 ("[I]t is of no moment that an employee may permanently reside at a place or intend to conduct his or her business from that place for present and future employers. 'The statute clearly requires that venue be laid where the defendant has a regular and established place of business, not where the defendant's employee owns a home in which he carries on some of the work that he does for the defendant.'"). Dismissal is thus warranted.

### C. No Alleged Acts of Infringement Could Have Occurred in the Eastern District

Besides failing the second prong of § 1400(b) because Dexcom does not have a regular and established place of business in this District, venue is also improper under the second prong because Dexcom did not commit the alleged acts of infringement in this District. Indeed, the claim

charts attached to the Complaint only allege infringement by Dexcom's customers. (*See* Compl. at ¶ Ex 2, p. 1 ("This product discuss [sic] about media terminal (i.e. Sharer's smart device) and media node (i.e. Follower's smart device) . . . .")). Thus, not only does Dexcom not have a place of business in this District, but there are also no alleged acts of infringement by Dexcom that occurred in this District.

### D.  Dexcom's Prior Lawsuit in this District Is Irrelevant

Rather than allege that venue is proper under *TC Heartland*, Plaintiff points to a prior irrelevant case. Specifically, Plaintiff alleges that "Venue is proper in this State and convenient as Dexcom has asserted its own patent rights recently in this State against one of its continuous glucose monitoring system competitors, named Abbott Laboratories." (Cmplt. at ¶ 5). But merely filing a lawsuit in Texas does not subject a defendant to venue in every district in the state, nor does Plaintiff identify any law supporting such a sweeping conclusion. Indeed, "the date the suit was filed, is the relevant date for the venue analysis," and "[e]vents occurring prior to the filing of suit are irrelevant except to the extent they could logically help prove a continuous presence" in a District. *Pers. Audio*, 280 F. Supp. 3d at 931.

Dexcom's prior suit with Abbott is thus irrelevant to the venue issue here and should be ignored. *See Xiaohua Huang v. Trifecta Networks LLC*, No. 21-cv-04721-TSH, 2021 U.S. Dist. LEXIS 141084 at *5-6 (N.D. Cal. July 28, 2021) (finding plaintiff could not establish proper venue under § 1400(b) by relying on factors that are relevant in a motion for a convenience transfer because "courts have found that a corporate defendant 'must have more contact with [a venue] than simply doing business there.'"); *Dekalb Genetics Corp. v. Syngenta Seeds, Inc.*, No. 4:06CV01191 ERW, 2006 U.S. Dist. LEXIS 93949 at *18 (E.D. Mo. Dec. 29, 2006) ("The fact that Monsanto previously asserted that jurisdiction was proper over the Defendants in a previous

Delaware action, does not affect the question of whether venue would be proper in Delaware in this action").

## V. CONCLUSION

For the foregoing reasons, Dexcom respectfully requests that this Court grant its motion to dismiss. Alternatively, Dexcom requests that the Court transfer this case to the Southern District of California, where it has a regular and established place of business and venue is proper.

Dated: February 16, 2024          **FISH & RICHARDSON P.C.**

By: */s/ Aaron P. Pirouznia*
Neil J. McNabnay
Texas Bar No. 24002583
mcnabnay@fr.com
Aaron Pirouznia
Texas Bar No. 24098958
pirouznia@fr.com
Nan Lan
Texas Bar No. 24121711
lan@fr.com
Alexander Martin
Texas Bar No. 24091828
martin@fr.com
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone (214) 747-5070
Facsimile (214) 747-2091

**COUNSEL FOR DEFENDANT DEXCOM, INC.**

6

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on February 16, 2024, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ Aaron P. Pirouznia*
Aaron P. Pirouznia
