THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **DISPLAY TECHNOLOGIES, LLC,**<br><br>      **Plaintiff,**<br><br>      v.<br><br>**DEXCOM, INC.,**<br><br>      **Defendants.** | Case No. 2:23-cv-00589-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S OPPOSED MOTION FOR LEAVE TO CONDUCT EXPEDITED VENUE DISCOVERY AND EXTENSION OF TIME TO RESPOND TO MOTION TO DISMISS OR TRANSFER**

**I.    SYNOPSIS.**

Pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 26(d)(1), Plaintiff hereby moves for leave to conduct limited, expedited venue discovery in this matter, and for an extension of time to respond to Defendant DexCom's Motion to Dismiss Pursuant to FRCP 12(b)(3), or in the alternatively, transfer under Section 1406, specifically not under Section 1404 (Dkt. No. 11) ("Motion"). The Parties have conferred, and DexCom opposes this motion.

Defendant filed a Motion to Dismiss, or alternatively Transfer to the Southern District of California ("SDCA") on February 19, 2024, based on the premises that (1) venue is not proper in this District, or alternatively, (2) the Court has authority under Section 1406 to transfer the case to the Southern District of California. *Id.* Plaintiff disputes these premises and reasonably believes that venue is proper in this District as described in the Operative Complaint. As shown below, the proposed discovery is narrowly focused to resolve the Parties' dispute.

II.     **LEGAL STANDARD.**

Rule 26(d)(1) provides that a party may not seek discovery from any source prior to the parties' Rule 26(f) planning conference except when authorized by the rules, by agreement of the parties, or by court order. Fed. R. Civ. P. 26(d)(1). The Fifth Circuit has not adopted a standard for determining whether expedited discovery is warranted, but district courts within the circuit have applied the "good cause" standard. *See Elargo Holdings, LLC v. Doe-68.105.146.38*, 318 F.R.D. 58, 61 (M.D. La. 2016); *see also Mary Kay Inc. v. Beyou-Cosmetics storefront on www.eBay.com*, No. 3:21-cv-1074-B, 2021 WL 2315097, at *1–2 (N.D.Tex. June 7, 2021) (noting that majority of courts in this circuit have applied the "good cause" standard) (citing *Elargo*, 318 F.R.D. at 61); *El Pollo Loco, S.A. de C.V. v. El Pollo Loco, Inc.*, 344 F.Supp.2d 986, 991 (S.D.Tex. 2004) (a party seeking discovery prior to the parties' Rule 26(f) conference has the burden of showing good cause) (citing 8 Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure*, § 2046.1 (2d ed. 1998)); *Uniloc USA, Inc. v. Apple Inc.*, No. 2:17-CV-00258-JRG, 2017 WL 3382806, at *1 (E.D. Tex. July 21, 2017)) (collecting cases).

III.     **ARGUMENT.**

Plaintiff maintains that good cause exists for the Court to grant this motion, and that it is not brought for any improper purpose, or to unnecessarily delay this action. *See Uniloc USA, Inc. v. Apple Inc.,* No. 2:17-CV-00258-JRG, 2017 U.S. Dist. LEXIS 126523, at *3 (E.D. Tex. July 21, 2017) (granting motion for expedited venue discovery); *Blitzsafe Tex. LLC v. Mitsubishi Elec. Corp.*, No. 2:17-CV-00430-JRG, 2019 U.S. Dist. LEXIS 86350, *15 (E.D. Tex. May 22, 2019) (allowing plaintiff to serve document requests and 30(b)(6) deposition notices and ordering venue discovery be completed within sixty days). *See also, Warren v. Bank of America, NA*, No. 3:13-CV-1135-M, 2013WL12221859, *1 n.2 (N.D. Tex. Dec. 13, 2013) (citing *In re Fannie Mae*

*Derivative Litig.*, 227 F.R.D. 142 (D.D.C. 2005) (listing same five factors)); *Hunsinger v. Doe Corp.*, No. 3:22-CV-2444-M-BH, 2022 WL 16722344, at *1 (N.D. Tex. Nov. 4, 2022).

The case involves DexCom's accused instrumentalities, DexCom G6 and G7, which as continuous glucose monitoring systems and the related App. DexCom's products are being rolled out in hospitals and assisted care facilities, either approved or not by the FDA, in this District, on information and belief. See https://www.dexcom.com/en-us/hospital, as last visited on February 26, 2024.

Additional good cause exists to protect the local interest in ensuring that DexCom is complying with the laws of State and Federal government, including those specifically pled in the Operative Complaint, which include at a minimum Title 35 U.S.C. Section 271.

Accordingly, Plaintiff requests that the Court exercise its broad discretion to allow it to conduct limited, expedited venue-related discovery, and stay the due date for Plaintiff's Response to the Motion as follows:

1. Venue related discovery shall be completed within One Hundred (100) days of the issuance of an Order permitting venue-related discovery;

2. Venue related discovery shall be limited to the issues raised in the Motion and associated documents, and the response by Plaintiff, including information regarding DexCom's direction and control of customer support centers, blood glucose testing and hospitals using the DexCom accused functionality with supervision of DexCom employees or agents with physical locations in this forum, and DexCom direction and control of any corporate entities or employees operating in this forum.

3. Plainitff may serve no more than ten (10) interrogatories and ten (10) document requests DexCom;

4. Defendant DexCom shall each respond to Plaintiff's discovery requests and produce responsive documents, if any, in accordance to the Federal Rule of Civil Procedure;

5. Plaintiff may conduct a 30(b)(6) deposition of DexCom, limited to seven (7) hours total on the record on or before April 15, 2024;

6. Plaintiff may conduct a 30(b)(1) deposition of Defendant's declarant in support of their Motion, limited to seven (7) hours total on the record on or before April 15, 2024;

7. The foregoing discovery shall not count toward the discovery limits set forth in Court's standing Discovery Order; and

8. Plaintiff's response to the Motion shall be filed 21 days from the close of venue-related discovery.

DexCom's defense is that venue is not proper under Rule 12(b)(3), this opposed motion for venue discovery is narrowly tailored and limited to address this preliminary pleading stage dispute in an effective manner in compliance with Rule 1 of the Federal Rules of Civil Procedure.

## IV.  CONCLUSION.

Good cause exists to grant Plaintiff's opposed motion for limited, expedited motion to conduct venue discovery. Accordingly, Plaintiff requests that the Court exercise its broad discretion to allow it to conduct limited, expedited venue-related discovery, and stay the due date for Plaintiff's Response to the Motion. *See* Proposed Order filed concurrently with this Motion.

Dated:  February 26, 2024　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　*/s/ Randall Garteiser*
　　　　　　　　　　　　　　　　　　　　Christopher A. Honea
　　　　　　　　　　　　　　　　　　　　　Texas Bar No. 24059967
　　　　　　　　　　　　　　　　　　　　　chonea@ghiplaw.com
　　　　　　　　　　　　　　　　　　　　Randall Garteiser
　　　　　　　　　　　　　　　　　　　　　Texas Bar No. 24038912
　　　　　　　　　　　　　　　　　　　　　rgarteiser@ghiplaw.com
　　　　　　　　　　　　　　　　　　　　M. Scott Fuller
　　　　　　　　　　　　　　　　　　　　　Texas Bar No. 24036607
　　　　　　　　　　　　　　　　　　　　　rgarteiser@ghiplaw.com

　　　　　　　　　　　　　　　　　　　　**GARTEISER HONEA, PLLC**
　　　　　　　　　　　　　　　　　　　　119 W. Ferguson Street
　　　　　　　　　　　　　　　　　　　　Tyler, Texas 75702
　　　　　　　　　　　　　　　　　　　　Telephone: (903) 705-7420

　　　　　　　　　　　　　　　　　　　　**COUNSEL FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this, I caused to be electronically-filed the foregoing document with the Clerk of Court using the Court's CM/ECF system.  As such, this document was served on all counsel who are deemed to have consented to electronic service.

　　　　　　　　　　　　　　　　　　　　*/s/ Randall Garteiser*
　　　　　　　　　　　　　　　　　　　　Randall Garteiser

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Eastern District of Texas Local Rule CV-7(i), counsel has complied with the meet and confer requirement in Local Rule CV-7(h). The Parties telephonically, and by email, met and conferred the week of February 19, 2024.  The parties could not come to an agreement with respect

to the need for venue discovery when this is Rule 12(b)(3) motion and in the alternative transfer under Section 1406.  Dexcom's counsel explained that DexCom believes that because it was not a Section 1404 motion that Plaintiff was not entitled to venue discovery not withstanding Rule 26(b)(1) and Rule 26(d)(1).  As such, this motion is opposed.

> */s/ Randall Garteiser*
> Randall Garteiser