IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **DISPLAY TECHNOLOGIES, LLC,** | |
| Plaintiff, | C.A. No. 2:23-CV-00589-JRG-RSP |
| v. | **JURY TRIAL DEMANDED** |
| **DEXCOM, INC.,** | |
| Defendant. | |

**DEFENDANT DEXCOM, INC.'S OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO CONDUCT EXPEDITED VENUE DISCOVERY**

**TABLE OF CONTENTS**

I.   INTRODUCTION ...........................................................................................................1
II.  LEGAL STANDARD ....................................................................................................1
III. ARGUMENT ..................................................................................................................4
   1. Plaintiff Failed to Make a Prima Facie Case for Venue ................................4
   2. Plaintiff Has Not Identified or Disputed Any Facts Relevant to Venue........5
   3. The Requested Venue Discovery Is Excessive .............................................6
IV.  CONCLUSION ...............................................................................................................8

i

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ambraco, Inc. v. Bossclip B.V.*,
  570 F.3d 233 (5th Cir. 2009) ....................................................................................................2

*Blitzsafe Texas LLC v. Mitsubishi Elec. Corp.*,
  No. 2:17-CV-00418-JRG, 2019 WL 2210686 (E.D. Tex. May 22, 2019)................. 3, 5, 6, 7

*In re Cray Inc.*,
  871 F.3d 1355 (Fed. Cir. 2017)..............................................................................................2, 5

*Leroy v. Great Western United Corp.*,
  443 U.S. 173 (1979) ..................................................................................................................1

*Mary Kay Inc. v. Beyou-Cosms*
  No. 3:21-CV-1074-B, 2021 WL 2315097, at *1 (N.D. Tex. June 7, 2021) ............................2

*In re Norplant Contraceptive Prods. Liab. Litig.*,
  886 F.Supp. 586 (E.D. Tex. 1995) .......................................................................................2, 7

*Parallel Network Licensing LLC v. Arrow Elecs., Inc.*,
  No. 4:21-CV-00714, 2022 WL 1597364 (E.D. Tex. May 19, 2022) (Mazzant, J.).......... 3, 5, 6

*Perez v. Pan Am. Life Ins. Co.*,
  70 F.3d 1268 (5th Cir. 1995) ....................................................................................................1

*Personal Audio, LLC v. Google, Inc.*,
  280 F. Supp. 3d 922 (E.D. Tex. 2017) ................................................................................2, 4

*TC Heartland LLC v. Kraft Foods Group Brands LLC*,
  137 S. Ct. 1514 (2017) ..................................................................................................... 1, 2, 4

*Vocalife v. Bose*,
  2:21-cv-00128-JRG (E.D. Tex. Dec. 9, 2021) (Gilstrap, J.)............................................ 3, 6, 7

*Wyatt v. Kaplan*,
  686 F.2d 276 (5th Cir. 1982) ....................................................................................................3

*In re ZTE (USA), Inc.*,
  890 F.3d 1008 (Fed. Cir. 2018)................................................................................................1

**Statutes**

28 U.S.C. § 1400................................................................................................................... 1, 2, 4

**Other Authorities**

Fed. R. Civ. P. 12(b)(3) .................................................................................................................1

I.    INTRODUCTION

Plaintiff alleged venue based solely on the following:

> 5.    Venue is proper in this State and convenient as Dexcom has asserted its own patent rights recently in this State against one of its continuous glucose monitoring system competitors, named Abbott Laboratories. *See Dexcom, Inc. v. Abbott Diabetes Care, Inc.*, Case No. 6:21-CV-690 (W.D. Tex. 2021).

(Dkt. 1 at ¶ 5.) This allegation fails for several reasons, including:

- The absence of any facts related to the actual test for venue in a patent case;
- Plaintiff alleges venue "is proper in this State"—not this District; and
- Plaintiff relies on 2021 events, but venue is determined at the time of suit.

Plaintiff's deficient allegation is insufficient to open the doors to venue discovery, and Plaintiff's Motion for Leave to Conduct Expedited Venue Discovery should thus be denied.

II.   LEGAL STANDARD

"[T]he purpose of statutorily specified venue is to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial." Fed. R. Civ. P. 12(b)(3); *Leroy v. Great Western United Corp.*, 443 U.S. 173, 183-84 (1979). Rule 12(b)(3) allows a party to move to dismiss an action for "improper venue" before a responsive pleading is filed. Once a defendant has raised the improper venue issue by motion, the plaintiff bears the burden to establish that the district he chose is the proper venue. *In re ZTE (USA), Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018); *see also Perez v. Pan Am. Life Ins. Co.*, 70 F.3d 1268 (5th Cir. 1995).

In a patent case, venue is proper "[1] in the judicial district where the defendant resides, or [2] where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b); *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514, 1514 (2017). Under § 1400(b), a patent infringement case may only be brought in the

judicial district where (1) the defendant resides, or (2) where the defendant has committed acts of infringement and has a regular and established place of business. 28 U.S.C. § 1400(b).

Under the first prong of § 1400(b), a domestic corporation "resides" only in its state of incorporation. *TC Heartland*, 137 S. Ct. at 1519. As to the second prong, the Federal Circuit has interpreted the "regular and established place of business" inquiry to impose three general requirements: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). If any statutory requirement is not satisfied, venue is improper. Id. Further, "venue facts are to be examined as of the date the suit is filed." *Personal Audio, LLC v. Google, Inc.*, 280 F. Supp. 3d 922, 924 (E.D. Tex. 2017).

A court may decide whether venue is proper based upon "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ambraco, Inc. v. Bosslip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009) (quoting *Ginter ex rel. Ballard v. Belcher, Prendergast & Laport*, 536 F.3d 439, 449 (5th Cir. 2008)). When the unsubstantiated allegations are controverted by affidavit or declaration, the affidavit or declaration trumps the allegations. *In re Norplant Contraceptive Prods. Liab. Litig.*, 886 F.Supp. 586, 589 (E.D. Tex. 1995). If venue is improper, the Court must dismiss, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); Fed. R. Cir. P. 12(b)(3).

Although a number of courts in the Fifth Circuit have adopted a "'good cause' standard to determine whether to authorize expedited discovery," "the subject matter related to requests for expedited discovery should be narrowly tailored in scope." *Mary Kay Inc. v. Beyou-Cosms.*

*storefront on www.eBay.com*, No. 3:21-CV-1074-B, 2021 WL 2315097, at *1 (N.D. Tex. June 7, 2021) (internal citations omitted; emphasis added). "In a 'good cause' analysis, a court must examine the discovery request 'on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances.'" *Id.* (citing *St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 239 (S.D. Tex. 2011)). Depending on the facts of the case, courts have identified several relevant factors, including "the breadth of the discovery requests, the purpose for requesting expedited discovery, [and] the burden on the defendants to comply with the requests." *Id.* (citing *ELargo Holdings, LLC v. Doe-68.105.146.38*, 318 F.R.D. 58, 61, 63 (M.D. La. 2016).); *see also Blitzsafe Texas LLC v. Mitsubishi Elec. Corp.*, No. 2:17-CV-00418-JRG, 2019 WL 2210686 at *4 (E.D. Tex. May 22, 2019) (Gilstrap, J.) (only permitting "narrowly tailored" venue discovery on limited disputed facts that will "facilitate resolution of the venue dispute"); *Vocalife v. Bose*, 2:21-cv-00128-JRG (E.D. Tex. Dec. 9, 2021) (Gilstrap, J.) (only permitting targeted venue discovery "limited to the issues raised in [defendant's] Motion to Dismiss [for improper venue].").

A district court has broad discretion to permit or deny a party jurisdictional discovery. *Wyatt v. Kaplan*, 686 F.2d 276, 283–84 (5th Cir. 1982). Jurisdictional discovery is denied "where it is impossible that the discovery 'could add any significant facts' that might bear on the jurisdictional determination," or in other words, "no amount of information would strengthen the movant's jurisdictional claims." *Blitzsafe*, 2019 WL 2210686 at *3 (citing *Alpine View v. Atlas Copco AB*. 205 F.3d 208, 221 (5th Cir. 2000)); *see also Parallel Network Licensing LLC v. Arrow Elecs., Inc.*, No. 4:21-CV-00714, 2022 WL 1597364, at *5 (E.D. Tex. May 19, 2022) (Mazzant, J.) (denying venue discovery where plaintiff failed to "explain[] why further discovery has any reasonable prospect of leading to different addresses that are associated with [defendant].").

### III. ARGUMENT

#### 1. Plaintiff Failed to Make a Prima Facie Case for Venue

In a patent case, venue is only proper "[1] in the judicial district where the defendant resides, or [2] where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. §1400(b); *TC Heartland*, 137 S. Ct. at 1514.  But the Complaint fails to plead any allegations that (1) Dexcom resides in this District, or (2) that Dexcom committed acts of infringement and has a regular and established place of business in this District.  Instead, the only allegation regarding venue reads:

> 5. Venue is proper in this State and convenient as Dexcom has asserted its own patent rights recently in this State against one of its continuous glucose monitoring system competitors, named Abbott Laboratories. *See Dexcom, Inc. v. Abbott Diabetes Care, Inc.,* Case No. 6:21-CV-690 (W.D. Tex. 2021).

(Dkt. 1 at ¶ 5.)

This allegation fails for at least three reasons.  First, "[e]vents occurring prior to the filing of suit are irrelevant [for venue analysis] except to the extent they could logically help prove a continuous presence" in a District.  *Pers Audio*, 280 F. Supp. 3d at 931.  Second, Dexcom's 2021 lawsuit in a different district in Texas says nothing about its presence in this District.  Indeed, Dexcom's prior lawsuit is irrelevant to both prongs of the *TC Heartland* test.  And third, filing a lawsuit in Texas does not subject Dexcom to venue in every district in the state, and Plaintiff has not identified any law supporting such a sweeping conclusion.

The new allegations in Plaintiff's motion fare no better.  Plaintiff states that "DexCom's products are being rolled out in hospitals and assisted care facilities, either approved or not by the FDA, in this District, on information and belief." (Dkt. 15 at 3 (citing https://www.dexcom.com/en-us/hospital).)  Yet under the *TC Heartland* test, the mere use or sale of accused products in this District is insufficient.  In addition to alleging acts of infringement, a

4

Plaintiff must also allege a regular and established place of business in the District, which Plaintiff has not even attempted to do.

Plaintiff has thus failed to allege a prima facie case for venue, and it should not be permitted venue discovery in view of this failure.

### 2. Plaintiff Has Not Identified or Disputed Any Facts Relevant to Venue

Plaintiff's motion should also be denied because it has not shown that venue discovery could "add any significant facts" to the venue dispute, nor explained how discovery might uncover information that could strengthen its venue allegations. *Blitzsafe*, 2019 WL 2210686 at *3.

Plaintiff does not dispute that Dexcom resides in Delaware (Dkt. 1 at 2), so venue can only be proper if Dexcom has a regular and established place of business in this District. The Federal Circuit has interpreted the "regular and established place of business" inquiry to impose three general requirements: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). Here, Plaintiff has not even identified any physical place in this District, much less a regular and established place of Dexcom. (*See* Dkt. 1 at ¶ 6 (alleging personal jurisdiction because "Defendant transacts business within this District and has employees that live and work in this District").)

This case is thus akin to those where venue discovery was denied in this District. In *Parallel*, the venue dispute surrounded an address that the defendant had listed on its website but removed before the lawsuit was filed. *Parallel*, 2022 WL 1597364 at *4. The defendant submitted a declaration stating it had not held a place of business in this District on or after the date the lawsuit was filed. *Id.* The Court found that the plaintiff "has not met its burden to show that venue is proper." *Id.* (citing *In re Norplant*, 886 F.Supp. at 589). The Court also denied venue discovery because the plaintiff pointed to "no other evidence that establishes [defendant] has a physical

5

location in the Eastern District of Texas" nor "explained why further discovery has any reasonable prospect of leading to different addresses that are associated with [the defendant]." *Id.*

Plaintiff has done even less here. In its Complaint and motion, Plaintiff did not allege any facts regarding a physical location of Dexcom in this District. Meanwhile, Dexcom filed a declaration confirming that it has no physical places of business in this District. (Dkt. 11-1 at 2.) Plaintiff thus "has not met its burden to show that venue is proper," as venue discovery will not uncover additional facts to support venue in this District. *Parallel* at *6.

Allowing venue discovery here would be a waste of judicial and party resources. *See id.* at *5. It would also encourage future plaintiffs to file suit without conducting a proper investigation regarding where venue is proper. Plaintiff's motion should thus be denied.

### 3. The Requested Venue Discovery Is Excessive

Besides being unwarranted given the operative allegations, Plaintiff's requested discovery is also not narrowly tailored in scope, as commonly required by courts in the Fifth Circuit. *See Mary Kay Inc.*, 2021 WL 2315097, at *1. Indeed, Plaintiff's requested venue discovery is excessive for several reasons.

First, Plaintiff requests 100 days of discovery, but when venue discovery is granted, it is typically limited to 60 days. *See, e.g. Vocalife v. Bose*, No. 2:21-cv-00128-JRG, Dkt. 68 at p. 2; *Blitzsafe*, 2019 WL 2210686 at * 4.

Second, Plaintiff has not pled any connection between Dexcom and this District, and it should not be allowed to conduct a fishing expedition. Plaintiff has not alleged any facts, let alone disputed facts, that would warrant its proposed discovery into "information regarding DexCom's direction and control of customer support centers, blood glucose testing and hospitals using the DexCom accused functionality with supervision of DexCom employees or agents with physical locations in this forum, and DexCom direction and control of any corporate entities or employees

6

operating in this forum."  (Dkt. 15 at 3); *see Blitzsafe*, 2019 WL 2210686 at *4 (only permitting "narrowly tailored" venue discovery on limited disputed facts that will "facilitate resolution of the venue dispute"); *Vocalife*, 2:21-cv-00128-JRG, Dkt. 68 at p. 2 (only permitting targeted venue discovery "limited to the issues raised in [defendant's] Motion to Dismiss [for improper venue]"). And while Plaintiff did not even plead that Dexcom has a physical place of business in this District, Dexcom submitted a declaration confirming as much.  *See Prods. Liab. Litig*., 886 F.Supp. at 589 ("Uncontroverted allegations in a complaint must be taken as true . . . However, when the unsubstantiated allegations are controverted by affidavit or declaration, **the affidavit or declaration trumps the allegations**.") (emphasis added).

Third, Plaintiff's counsel's past discovery requests show that 10 interrogatories and 10 document requests are not warranted.  In considering Plaintiff's request for venue discovery, Dexcom asked Plaintiff to provide its proposed requests for Dexcom's consideration.  Plaintiff refused to send its requests, but Plaintiff's counsel did send examples from another case, including:

> **Venue Interrogatory No. 4:** Explain the platform and tie of Valve Corporation related to shooting games set in a school setting, such as, Uvalde school involved in a school shooting, that prompted Valve Corporation to issue the following statement in the Austin American Statesman on or about May 30, 2018, reciting "Valve provided a statement to Deadline.com on Tuesday that confirmed it 'removed the developer Revived Games and publisher ACID from Steam.'"
>
> **Venue Interrogatory No. 5:** For each piece of prior art you will assert in Your L.R. 3-3 Invalidity Contentions, please provide the following:
> (i) the name of each practicing entity/individual, author, inventor or user; and
> (ii) the location of city or town and country in which each practicing entity/individual, author, inventor or user currently resides.
>
> **Venue Request No. 7:** To the extent any evidence to be gathered relevant to this matter is located in or on third party repositories (data center, server, computer, electronic storage facility, physical storage facility, warehouse, hardware, equipment, or software), please produce all written agreements relating to each third party.

>**Venue Request No. 10:** Political contributions you have made to any legislator in the State of Texas.

*See* Ex. 1 (Feb. 19, 2024 Email fr. Garteiser to Pirouznia). These requests demonstrate how overbroad, unduly burdensome, and irrelevant Plaintiff's discovery requests are likely to be.

Finally, the requested depositions are also excessive. Plaintiff has not provided any justification for a seven hour 30(b)(1) deposition **and** a seven hour 30(b)(6) deposition. This is especially excessive because the declaration submitted by Dexcom contains only six paragraphs. (Dkt. 11-1.) And as explained above, Plaintiff has not identified any disputed facts relevant to the venue inquiry. As such, a deposition is not warranted, let alone 14 hours of deposition testimony.

## IV.   CONCLUSION

For the foregoing reasons, Dexcom respectfully requests the Court to deny Plaintiff's Motion to Conduct Expedited Venue Discovery.

Dated: March 12, 2024

Respectfully submitted,

**FISH & RICHARDSON P.C.**

By: */s/ Aaron P. Pirouznia*
Neil J. McNabnay
Texas Bar No. 24002583
mcnabnay@fr.com
Aaron Pirouznia
Texas Bar No. 24098958
pirouznia@fr.com
Nan Lan
Texas Bar No. 24121711
lan@fr.com
Alexander Martin
Texas Bar No. 24091828
martin@fr.com
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone (214) 747-5070
Facsimile (214) 747-2091

**COUNSEL FOR DEFENDANT DEXCOM, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on March 12, 2024, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ Aaron P. Pirouznia*
Aaron P. Pirouznia

9